**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PABLO GUTIERREZ-TOLEDO,

    Defendant - Appellant.

No. 16-1047
(D.C. No. 1:14-CR-00347-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Pablo Gutierrez-Toledo's plea agreement. We

grant the defendant's counsel's motion to withdraw, grant the government's motion

to enforce the defendant's appeal waiver, and dismiss the appeal.

The defendant pleaded guilty to one count of illegal reentry by a previously

deported felon, in violation of 8 U.S.C. § 1326(a) and (b)(1). The statutory

maximum penalty for this offense is 10 years' (120 months') imprisonment. *See id.*

_____

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1326(b)(1). Applying a total offense level of 10, the district court calculated the defendant's advisory guidelines sentencing range as 21 to 27 months' imprisonment. The court imposed a 27-month sentence. The government has not filed an appeal.

In his plea agreement, the defendant "knowingly and voluntarily waive[d] the right to appeal any matter in connection with [his] prosecution, conviction, or sentence," except in the following three circumstances: (1) the sentence imposed exceeded the maximum penalty under the statute of conviction; (2) the sentence exceeded the advisory sentencing guideline range applicable to a total offense level of 10; or (3) the government appealed from the sentence imposed. Mot. to Enforce, Attach. 1 (Plea Agmt.) at 2.

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce an appeal waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

The defendant's counsel responded to the government's motion. Citing *Anders v. California*, 386 U.S. 738, 744 (1967), counsel states that the defendant has no non-frivolous argument against enforcement of his appeal waiver. In particular, counsel represents that "[t]here is no argument available that one of the three exceptions to the appeal waiver occurred." Resp. at 3-4. Counsel also requests permission to withdraw from representing the defendant pursuant to *Anders*, 386 U.S.

at 744.  We gave the defendant an opportunity to file a pro se response to the motion to enforce.  *See id.*  To date, he has not filed any response.

Under *Anders*, we have reviewed the motion and the record and we conclude that the defendant's appeal waiver is enforceable.  Accordingly, we grant his counsel's motion to withdraw, grant the government's motion to enforce the appeal waiver, and dismiss the appeal.

Entered for the Court
Per Curiam

3